## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
KAREN A. NEWIRTH
OSNAT LUPESKO-PERSKY

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

March 25, 2011

**VIA ECF AND HAND**
The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: UNITED STATES v. HENRI AL HALABI**
**CRIMINAL DOCKET NO. 10-120 (S-1) (DLI)**

Dear Judge Irizarry:

As your Honor is aware, this firm, together with Kenneth Kaplan of Kaplan & Katzberg, represent the defendant, **HENRI AL HALABI**, who is now scheduled to be sentenced before your Honor on April 12, 2011.

Together with this letter, we are enclosing a formal Sentencing Memorandum, which counsel believe will greatly assist this Court in arriving at a fair and just sentence in this case. We respectfully submit that, in our judgment, this particular defendant brings certain very unique, personal and rather unusual challenges to the difficult process of sentencing, which counsel truly believe this Court, in particular, agonizes over.

In this personal letter, without repeating all of the arguments raised in our extensive Sentencing Memorandum and in the many moving letters to the Court we have submitted on behalf of Mr. Al Halabi, counsel wish to respectfully stress certain specific observations about Mr. Al Halabi that may well provide a deeply personal

BRAFMAN & ASSOCIATES, P.C.

and honest basis for the imposition of a sentence well below the sentence provided for in the advisory Guideline range set out in the Plea Agreement.

First, there is the very significant realization, as confirmed in the materials we have submitted, that the defendant in this case is a young man of very limited personal intelligence. We do not suggest that he was, or is now, legally incompetent; nor does counsel suggest that Mr. Al Halabi lacked sufficient comprehension to fully understand the nature of his conduct or that it was wrong. Indeed, Mr. Al Halabi confessed to his criminal conduct and he accepts full responsibility for the crime he knowingly committed. Nevertheless, it is critical to respectfully note that, when formally tested by one of the most respected and recognized experts in the field, Mr. Al Halabi scored an **IQ** of **70**, well <u>below</u> the national average.

Equally important, as provided in our submission to the Court, is the fact that Mr. Al Halabi's learning disability and very poor intelligence is not of recent vintage, but rather well documented since his childhood in Syria where, as a Jewish student in a virulently anti-Semitic regime, he and his family were forced to endure substandard educational opportunities under an oppressive government that further diminished his ability to develop skills and substantially hampered his education opportunities by denying him the Special Education guidance that would have undoubtedly helped him advance during his formative years.

Furthermore, as the materials we have provided to the Court also confirm, a person of limited intelligence like Mr. Al Halabi was very susceptible to manipulation by others, a very important factor in this case which we discuss in detail in our Memorandum and which we briefly note here as well. As confirmed at the plea allocution, there was a "major player," other than Mr. Al Halabi, in the counterfeit clothing business who was intimately involved in the charged conduct.

As your Honor will note from our formal submission, our principal objective is to hopefully convince your Honor by compelling argument, legal precedent, and honest logic that a sentence well below the advisory Guideline range is appropriate in this case, and that a very lenient sentence would be "sufficient but not greater than necessary" as to this interesting young defendant who comes before this Court with an unblemished record, is a very good husband, citizen and, in particular, a wonderful father devoted to his son who has similar learning disabilities as him, and also a son devoted to the care of his elderly, frail parents.

To be fully candid, counsel have too much respect for this Court's independence, wisdom and personal integrity to request a specific sentence,

**BRAFMAN & ASSOCIATES, P.C.**

understanding how many different issues a Court must today factor into the equation when arriving at a just sentence under the very wide discretion now provided to a District Court that is no longer confined by restrictive, binding Guidelines, but can now impose a "reasonable" sentence after applying the critical Section 3553 factors. Accordingly, counsel does not ask for a specific sentencing range, nor do we specifically ask for a sentence that does not include any period of incarceration. What we ask, with great respect, is that your Honor craft a compassionate sentence in the case of this fundamentally decent young man of limited ability and intelligence, who committed a non-violent crime, has fully accepted responsibility for his conduct, paid a significant financial penalty, has led an exemplary life, and who, everyone will agree, poses absolutely no risk to the community, nor does he pose any risk to commit any further criminal activity.

Counsel would like to personally thank your Honor for the extraordinary courtesy that this Court has always extended to counsel in all matters. Should your Honor have any questions prior to sentence, we stand ready to respond or to provide any additional information your Honor may feel relevant.

Respectfully,

Benjamin Brafman

Kenneth Kaplan

cc:   Walter M. Norkin, Assistant United States Attorney *[via Hand]*

Henri Al Halabi *[via Hand]*