# UNITED STATES DISTRICT COURT
## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HENRI AL HALABI | JUDGMENT IN A CRIMINAL CASE<br>Case Number: 10-CR-120(S-1)-01<br>USM Number: 77952-053<br>Kenneth Kaplan and Benjamin Brafman, Esqs.<br>Defendant's Attorney |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 27 2011 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 of superseding indictment (S-1)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to launder money, a Class C felony | 1/31/2010 | 1s |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    1, 2, 2s    ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/12/2011
Date of Imposition of Judgment

S/DLI
Signature of Judge

Dora L. Irizarry      U.S. District Judge
Name of Judge      Title of Judge

April 20, 2011
Date

AO 245B  (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: HENRI AL HALABI
CASE NUMBER: 10-CR-120(S-1)-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

None.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: HENRI AL HALABI
CASE NUMBER: 10-CR-120(S-1)-01

## PROBATION

The defendant is hereby sentenced to probation for a term of:

FIVE (5) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  Case 1:10-cr-00120-DLC Document 243   Filed 04/27/11   Page 4 of 14 PageID #: 1431
(Rev. 09/08) Judgment in a Criminal Case
Sheet 4C — Probation

DEFENDANT: HENRI AL HALABI
CASE NUMBER: 10-CR-120(S-1)-01

Judgment—Page 4 of 7

## SPECIAL CONDITIONS OF SUPERVISION

1) For a period of 12 months, the defendant shall remain in his home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the U.S. Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay;

2) The defendant shall perform 300 hours of community service in a manner and at a rate approved by the U.S. Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is completed;

3) The defendant shall maintain lawful and verifiable employment;

4) The defendant shall make full financial disclosure to the U.S. Probation Department;

5) The defendant shall not possess a firearm, ammunition, or destructive device;

6) The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

DEFENDANT: HENRI AL HALABI
CASE NUMBER: 10-CR-120(S-1)-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: HENRI AL HALABI
CASE NUMBER: 10-CR-120(S-1)-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: HENRI AL HALABI
CASE NUMBER: 10-CR-120(S-1)-01

Judgment—Page 7 of 7

## ADDITIONAL FORFEITED PROPERTY

See attached forfeiture order. The defendant has paid forfeiture in full as of the date of sentencing.

LMN:WMN:BDM
F.#2010R00215

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

   - against -

HENRI AL HALABI,

        Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

Cr. No. 10-0120 (S-1)(DLI)

       WHEREAS, on or about December 2, 2010, the defendant, HENRI AL HALABI, entered a plea of guilty to Count One of the above-captioned Superseding Indictment charging a violation of 18 U.S.C. § 1956(h); and

       WHEREAS, pursuant to 18 U.S.C. § 982 the defendant has consented to the forfeiture of the following: (a) a forfeiture money judgment in the amount of $75,000 (the "Forfeiture Money Judgment"); (b) approximately $181,172.92 seized on or about January 26, 2010, previously held on deposit in JP Morgan Chase account number 743215790 in the name of Zoom Denim, Inc.; (c) approximately $45,609.51 seized on or about March 11, 2010, previously held on deposit in JP Morgan Chase account number 779454701 in the name of Master Clothing Corp.; (d) approximately $6,000.00 in United States currency seized on or about March 11, 2010, from Master Clothing Corp.; (e) approximately $9,394 in United States Currency seized on or about March 11, 2010, from

2

Yasmine Sportswear; (f) eight blank money orders totaling approximately $6,350 seized on or about March 11, 2010, from defendant Younes El Saleh; (g) a $1,000 blank check seized on or about March 11, 2010, from defendant Younes El Saleh; and (h) a $500 blank money order seized on or about March 18, 2010, from defendant Youssef Ayoub (items (b) through (h), collectively, the "Forfeited Assets"), as property involved in a violation of 18 U.S.C. § 1956, property traceable to such property, and/or as substitute assets;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, together with all right, title, and interest that he may have in the Forfeited Assets, pursuant to 18 U.S.C. § 982.

2. The defendant has paid $15,000 towards the Forfeiture Money Judgment. The balance of the Forfeiture Money Judgment in the amount of $60,000 shall be paid no later than the date of the defendant's sentencing (the "Final Due Date"). All payments made by the defendant towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "United States Marshals Service." The defendant shall cause said checks to be hand-delivered to Special Assistant United States


Attorney Brian D. Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. In the event that the Forfeiture Money Judgment is not paid in full on or before the Final Due Date, interest shall accrue on any unpaid portion as of the Final Due Date. All interest shall accrue at the rate of interest set forth in 18 U.S.C. § 3612(f)(2).

       3.    The defendant shall fully assist the government in effectuating forfeiture of the Forfeited Assets and the satisfaction the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of the Forfeited Assets to the United States and the transfer of title to the United States of any property necessary to satisfy the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding.

       4.    The defendant has represented that he has disclosed all of his assets to the United States on the financial statement previously sworn to on September 20, 2010, and entitled "United States Department of Justice Financial Statement"

United States v. Henri Al Halabi, CR-10-0120 (S-1) (Irizarry, J.)
Preliminary Order of Forfeiture

4

(hereinafter, the "Financial Statement"). The defendant shall forfeit to the United States all assets in which he has an interest, but failed to disclose on the Financial Statement, if any. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant shall execute any documents necessary to effectuate the forfeiture of said assets.

5. The defendant knowingly and voluntarily waives he right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives the right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the ex post facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the

United States v. Henri Al Halabi, CR-10-0120 (S-1) (Irizarry, J.)
Preliminary Order of Forfeiture

5

Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The United States shall publish notice of this Order and notice of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct, on the government website www.forfeiture.gov, in accordance with the custom and practice in this district. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

8. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right,

United States v. Henri Al Halabi, CR-10-0120 (S-1) (Irizarry, J.)
Preliminary Order of Forfeiture

6

title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

9. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

11. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

12. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and

United States v. Henri Al Halabi, CR-10-0120 (S-1) (Irizarry, J.)
Preliminary Order of Forfeiture

7

transferees of the defendant, and shall survive the bankruptcy of any of them.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

14. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order to the United States Attorney's Office, Eastern District of New York, Attention: Special Assistant United States Attorney Brian D. Morris, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
March 7, 2011

S/DLI

HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE

United States v. Henri Al Halabi, CR-10-0120 (S-1) (Irizarry, J.)
Preliminary Order of Forfeiture